FRENCH v. CARTER and others.

(*Circuit Court, S. D. New York.* September 15, 1885.)

PATENTS FOR INVENTIONS—INVENTION—ROOF FOR BURIAL VAULTS.
 Patent No. 244,224, issued to Hamline Q. French, July 12, 1881, for an improved roof for vaults for burial purposes, *held* void for want of invention.

In Equity.
*L. B. Bunnell* and *George H. Fletcher*, for plaintiff.
*Rastus S. Ransom* and *Philip J. O'Reilly*, for defendant.

SHIPMAN, J. This is a bill in equity, founded upon the infringement of letters patent No. 244,224, issued to Hamline Q. French, July 12, 1881, for an improved roof for vaults for burial purposes. The patentee, in his specification, described this roof as follows:

"The object of my invention is to obtain a building without vertical joints, and held together and locked at the roof, so that by the locking, and the weight of the roof, the structure shall be made as enduring as the material of which it is built. My improved roof consists of the front and rear gable-stones, the roof-stones, which are continuous from one gable-stone to the other at each side, and held to the gable-stones by mortise and tenon or equivalent connections, and the cap-stone, which is formed with a rabbet to lap upon the roof-stones, and rests upon the gables, by which construction the stones forming the complete roof are securely locked, and without possibility of dislocation without being raised bodily upward."

The gables are each a single stone of a length sufficient to connect the roof-stones, and with tenons upon each of their upper surfaces.

The claims are:

"(1) A roof for vaults and similar structures, consisting of the continuous roof-stones, B, B, gable-stones, A, connecting and locked to the roof-stones, and the cap-stone, C, lapping upon the roof-stones, substantially as shown and described.

"(2) In roofs for vaults and similar structures, the combination of continuous roof-stones, B, B, and gable-stones, A, A, connected and locked by mortise and tenons, or equivalent devices, substantially as shown and described."

The difficulty in vault stone roofs which was to be remedied was the exposed or open seams between the stones into which water can enter and become frozen, and thus, by the action of frost, the stones are separated. Freedom from vertical joints, and the locking of roof-stones and cap-stone to the gable-stones are the features of the improvement.

Without the aid of testimony in regard to the state of the art, I should be strongly inclined to say, upon the face of the patent, that it did not contain a patentable invention. By the invention described in the second claim, the difficulty is remedied by connecting, in the ordinary way, to gable-stones, made of one piece, roof-stones which are long enough to extend from one gable-stone to the other, and protecting the seams by rebates, if more than one roof-stone upon one

side of a roof is used, and then filling the space or ridge near the top of the roof in such manner as ingenuity or taste may dictate. By the invention described in the first claim, the space between the roof-stones is filled by a single massive cap-stone, the edges of which lapped over the roof-stones, and which rested upon the gables. The device seems to be a simple one, and easily conceived, if the vault-owner possesses the pecuniary ability to provide granite of the requisite length. But the description of the tomb of the family of Billand, which is contained in volume 13 of the French work entitled "Revue Generale de l'Architecture et des Travaux Publics," shows that, in view of the existing knowledge in regard to structures of this kind, there was no invention in the patented device. The article says:

"Above this ordonnance extends an entablature, on, which is supported the two sloping sides of the roof, which finish the edifice. The entablature is composed of three stones, hollowed out so as to form a species of vault, which marks the size; and these stones, jointed together by rebates, are bound, and, as it were, tied together by the two thick (hard) slabs of stone, which cover their sloping sides, by means of the hollow made on the lower sides of the former, (the slabs,) in order to clamp the projections retained on the stones of the vault. These stones are, in their turn, tied together by the ridge which surmounts the building."

The plates which are attached to the description show that the Billand roof consists of two sloping roof-stones, each being a single piece, fastened by projections and cavities to gable-stones, each being in one piece, and a single ridge-stone, covering the joint where the upper edges of the roof-stones meet, and not resting on the gable-stones. The difference between the Billand roof and the roof of the patent is that the roof-stones of the former are so wide that only a ridge-stone is needed to cover the joint, while roof-stones of the latter are narrower, and a wider ridge-stone or cap-stone is needed, which must, of course, be interposed between the roof-stones, and must rest upon the gable. The ridge-stone of the Billand tomb is a small cap-stone, which bound the roof-stones together, and which covered the joint made by their edges. The cap-stone of the patent is a larger and wider ridge-stone than that of Billand, and, by its great weight, is more efficient in holding the structure together. In order to produce the patented device, the customary skill of the worker in stone neither needed nor received any aid from the inventive faculty.

The bill should be dismissed.